WIGGINS, Justice
(concurring specialty).
I agree with the majority that an administrative agency’s rule cannot divest our courts of jurisdiction over a tort claim. However, the court does not have to reach that issue because I would find the Seguras complied with the requirements of the Iowa Tort Claims Act (ITCA) by applying Iowa Code section 602.10114 (2013) and find that the district court had jurisdiction of this matter.
The State takes the position that because its rules require the signature of the client, a tort claim form filed without the client’s signature or a power of attorney giving the attorney the power to sign the claim form divests the courts of jurisdiction. Our statutes do not support this claim.
The Code provides how a person makes a claim under the ITCA. Specifically,
a claim or suit otherwise permitted under this chapter shall be forever barred, unless within two years after the claim accrued, the claim is made in writing and filed with the director of the department of management under this chapter.
Iowa Code § 669.13(1). Thus, the Code only requires the person filing the claim to file it in writing with the department of management within a specified time. Chapter 669 of the Code does not contain any provision as to who has to sign the claim.
Another section of the Code allows an attorney to file a claim in a proceeding, without the necessity of the client’s signatures. The Code gives an attorney the power to
[ejxecute in the name of a client a bond, or other written instrument, necessary and proper for the prosecution of an action or proceeding about to be or already commenced, or for the prosecution or defense of any right growing out of an action, proceeding, or final judgment rendered therein.
Id. § 602.10114. Therefore, when the Code requires a party to file a written document in a proceeding, an attorney has the authority of his or her client to sign the document.
The State enacted an administrative rule stating,
All claims should be typewritten, but claims printed by hand will be accepted if legible.
1.3(1) Place of filing. Claims shall be filed in triplicate with the Department of *229 Management, State Capitol, Des Moines, Iowa 50319.
1.3(2) Verification. Claims shall be verified.
1.3(3) Names and signatures. A claim shall state thereon the name, address, telephone number, and age of the person making the claim and the name, address and telephone number of the attorney, if any, preparing the claim, and their signatures.
1.3(4) Designation by number. The executive secretary shall assign a number to each claim. Thereafter it may be referred to by such a number.
Iowa Admin. Code r. 543—1.3.
The signature boxes of the claim forms filed by Paula Segura and Ricardo Segura were signed as follows:
I, the claimant, being duly sworn upon oath depose and state that I have read the supplied information and the same is true and correct to the best of my belief. S/Paula Segura by attorney Bernstein per POA.
I, the claimant, being duly sworn upon oath depose and state that I have read the supplied information and the same is true and correct to the best of my belief. S/Ricardo Segura by attorney Bernstein per POA.
In its brief, the State claims the tort claim forms were defective because “[a] power of attorney document did not accompany either claim.” The State’s argument in this regard was
Attorney Bernstein was not permitted to sign the Seguras’ names on their tort claims without valid powers of attorney. He was certainly not permitted to sign the Seguras’ names under oath without valid powers of attorney. Attorney Bernstein failed to procure such powers of attorney. Paula Segura and Ricardo Segura were thus required to sign and verify their respective tort claims, and they did not. As a result, the Seguras failed to comply with the procedural requirements of the ITCA, and their tort claims were not properly filed.
This argument makes it clear that the State acknowledges a signature on a tort claim form signed by someone other than the claimant is allowed under the Act as long as he or she has the power to do so. Section 602.10114 gave attorney Bernstein the authority to sign the claim forms on behalf of the Seguras when Bernstein submitted the forms to the department of management. I can find no authority that an administrative rule can require additional action by a party to confer jurisdiction on the court when that action is not required by the statute.[5]
I would thus conclude attorney Bernstein’s signatures on behalf of the Seguras on the tort claim forms complied with the Code and the rule. First, a notary verified the claim forms. Second, they contained the names of the claimants, and the Segu-ras’ attorney signed the forms on the claimants’ behalf by a power of attorney. Third, section 602.10114 gives the attorney the power of attorney to sign the documents on the Seguras’ behalf.
Accordingly, I would find jurisdiction.

. I also do not believe an agency can create a rule requiring a signature of a party to a document when the statute conferring jurisdiction on the court does not have the same requirement. See Auen v. Alcoholic Beverages Div., 679 N.W.2d 586, 590 (Iowa 2004) (holding an agency cannot change the meaning of a statute by writing a rule). However, neither the majority nor I need reach this issue because the State concedes that a power of attorney is sufficient to make the claim form valid.